# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

DOCTOR'S ASSOCIATES, INC.,  :
a Florida corporation,    :
           :  **C.A. No: K14C-05-011 RBY**
     Plaintiff,   :
           :
  v.         :
           :
TROY WINDHAM,    :
           :
    Defendant.   :

*Submitted: December 14, 2014*
*Decided: March 25, 2015*

***Upon Consideration of Defendant's***
***Motion to Dismiss***
**DENIED**

**ORDER**

Josiah R. Wolcott, Esquire, Connolly Gallagher, LLP, Newark, Delaware for Plaintiff.

Patrick Scanlon, Esquire, Law Offices of Patrick Scanlon, P.A., Milford, Delaware for Defendant.

Young, J.

*Doctor's Associates, Inc. v. Windham*
*C.A. No.: K14C-05-011 (RBY)*
*March 25, 2015*

## DECISION

On August 18, 2014, the Court issued an opinion denying Troy Windham's ("Defendant") Motion to Dismiss, largely based upon the same arguments as the present motion. Following an inquisition hearing held on October 20, 2014, Defendant again moves to dismiss Doctor's Associates, Inc.'s ("Plaintiff") Complaint. By this second Motion, Defendant raises an issue not considered in the August 2014 Opinion. Therefore, although most of the arguments put forward by Defendant can be resolved by reference to that previous decision, this decision will also address this additional Motion.

Succinctly stated, Plaintiff seeks to domesticate its foreign judgment against Defendant, issued by the Superior Court of Connecticut, and affirmed by the Appellate Court of Connecticut.[1] The initial award was issued by an arbitrator. The inquisition hearing, held in October 2014, was for the purpose of determining the precise amount of this judgment.

Defendant moves to dismiss Plaintiff's Complaint for three reasons. In support of the first, Defendant refers to a prior decision of this Court.[2] Defendant argues that the decision in that case, involving the same parties, is controlling in the case at bar. Plaintiff responds to this assertion by stating that the judgment

---

[1] For a more detailed recitation of the facts underlying this case, *see Doctor's Assocs., Inc. v. Windham*, 2014 WL 4101568, at *1 (Del. Super. Ct. Aug. 18, 2014).

[2] Plaintiff cites to the related case *Doctor's Assocs., Inc. v. Windham*, 2014 Del. Super. LEXIS 423 (Del. Super. Ct. Aug. 25, 2014) ("I am not aware of any precedent for holding an inquisition at the bar on an existing judgment, and I am not presented that any such procedure exists").

underlying that case is not the same judgment at issue in the instant matter. The previous judgment was a form of interim relief, while the current judgment is a full adjudication of the merits. As such, the prior ruling is inapplicable. Plaintiff's point is well taken. Aside from the fact that there was a judgment in the other decision, the Court sees no actual similarity. Hence, the prior holding, in the unrelated case involving the same parties, does not govern here.

Defendant's remaining two arguments are both versions of the larger argument that Plaintiff has not followed proper Delaware procedure for domesticating its judgment. By his second contention, Defendant maintains (notably, without citation to any authority) that Delaware does not recognize the execution of judgments from affirming appellate courts. Defendant claims that Plaintiff seeks to execute the judgment of the Connecticut Supreme Court – an appellate court – asserting that to be an action not recognized in Delaware. The Court understands Defendant's argument to be that Plaintiff should, instead, have sought to execute upon the judgment of the Connecticut trial court. No basis for that proposition exists.

Finally, Defendant's third argument asserts that the jurisdiction of this Court is not proper. Citing 10 *Del. C.* § 5702, Defendant argues that, as the initial award originated from arbitration, only the Court of Chancery may hear this action.

As stated before, both of Defendant's latter arguments, in essence, claim that Plaintiff has not followed the proper procedure in domesticating its foreign judgment. This Court, in its August 2014 ruling concerning Defendant's first Motion to Dismiss, dealt with this very issue. That decision, and its reasoning, still

stands:

> Several legal principals demonstrate that the Judgment can be domesticated, and eventually enforced against Defendant, in Delaware. Under the principals of comity, Delaware courts give a foreign judgment such binding effect as would be accorded to it by courts of the jurisdiction rendering judgment. Furthermore, in Connecticut, the confirmation of an arbitration award is given equal force and effect as a judgment rendered in a typical civil case....It is well settled law in Delaware that the doctrine of res judicata and collateral estoppel require that a foreign judgment rendered upon adequate jurisdiction shall be given the same effect that the foreign court would accord such judgment. Therefore, the Judgment is entitled to the full faith and credit, such that it may be domesticated in Delaware.[3]

The judgment issued and affirmed by the Connecticut judiciary is to be given full force in Delaware. As long as Plaintiff complies with the requirements of 10 *Del. C.* § 4782-83, the governing statutes, there appears no reason to dismiss its case, nor any reason to thwart Plaintiff's execution on its judgment. Defendant has, further, not made any legitimate arguments to suggest Plaintiff is noncompliant. Therefore, the Court **DENIES** Defendant's Motion to Dismiss.

 **IT IS SO ORDERED**.

       /s/ Robert B. Young
           J.

RBY/lmc
oc: Prothonotary
cc: Counsel
   Opinion Distribution

---

[3] *Doctor's Assocs.,* 2014 WL 4101568, at *2.